UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **ORDER GRANTING** |
| | : | **PLAINTIFF'S MOTION FOR** |
| Plaintiff, | : | **SUMMARY JUDGMENT** |
| | : | |
| -against- | : | |
| | : | |
| WILLIAM DEVILLE, | : | 06 Civ. 2781 (AKH) |
|   f/k/a WILLIAM BORSEY | : | |
| | : | |
| Defendant. | : | |

--------------------------------------------------------x

ALVIN K. HELLERSTEIN, UNITED STATES DISTRICT JUDGE:

On April 11, 2006, the United States commenced this action against defendant William Deville ("Deville") to recover unpaid taxes pursuant to 26 U.S.C. § 7402(a). The Government, seeking to reduce to judgment tax liabilities totaling $314,032.67 assessed against Mr. Deville for the tax years 1985 and 1987 (the "Subject Tax Years"), now moves for summary judgment. For the reasons stated below, the Government's motion is granted.

## BACKGROUND

On February 6, 1986, Defendant filed for bankruptcy. Eighteen months later, the Internal Revenue Service ("IRS") assessed Defendant's tax liability for the tax year 1985 and determined that Mr. Deville underpaid his taxes for that year. The IRS, however, was prohibited from collecting these taxes due to Defendant's bankruptcy proceedings, which remained pending until October 11, 1995. On April 29, 1996, the IRS completed an assessment of Defendant's tax liability for the tax year 1987, again assessing an unpaid balance of federal income tax. Despite the IRS's issuance of notices of assessment and demand for payment, as well as liens filed in New York County, New York and New Orleans, Louisiana, Defendant failed to satisfy his tax liabilities.

According to IRS calculations, Defendant's unpaid federal tax liability for the Subject Tax Years, with interest and penalties, totaled $314,032.67 as of March 5, 2007. Defendant's debt to the government continues to increase as interest and penalties accrue.

The United States commenced this action on April 10, 2006. Though Section 6502 of Title 26 of the United States Code mandates that actions to recover unpaid taxes be commenced within ten years of the assessment that established the liability, this limitation period is suspended when an individual prevents the government from collecting unpaid taxes by filing for bankruptcy, and resumes six months after bankruptcy proceedings conclude. 26 U.S.C. § 6502(a)(1),(h). The Government's action is therefore timely.

Defendant answered the complaint on July 7, 2007 and, during discovery, sought and obtained all IRS records pertaining to his account for the tax years 1985 and 1987. On November 13, 2006, Defendant's attorney sought leave to withdraw from the case, expressing his belief that Mr. Deville would be better served by spending his limited funds on the services of an accountant. I granted counsel's motion to withdraw on January 4, 2007. Defendant has not provided the court with any indication of intent to obtain new counsel.

The United States moved for summary judgment on April 6, 2007. Defendant was served with a copy of the Government's motion as well as Statements of Material Facts on Motion for Summary Judgment and a Notice to Pro Se Litigant Who Opposes a Summary Judgment, as required by Southern District Local Rules 56.1 and 56.2. Though given proper notice, Defendant filed no opposition to the Government's motion.

## DISCUSSION

The Government may proceed in district court to obtain a judgment for amounts assessed by the IRS against the taxpayer, 26 U.S.C. § 7402(a), and IRS assessments of amounts owed enjoy a rebuttable presumption of validity. As another court in this district has noted:

> It is well established that the IRS's tax calculations (including calculations of interest and penalties) are presumptively valid and create a prima facie case of liability, such that the Government is "entitled to have the assessment reduced to judgment unless the taxpayer overcomes the presumption by the IRS that the assessment is correct."

United States v. Chrein, 368 F. Supp. 2d 278, 282 (S.D.N.Y. 2005) (quoting Chariot Plastics, Inc. v. United States, 28 F. Supp. 2d 874, 881 (S.D.N.Y. 1998)). Thus, the burden is on the defendant to prove the invalidity of the tax assessment, Pizzarello v. United States, 408 F.2d 579, 583 (2d Cir.1969); Chrein, 368 F. Supp. 2d at 282, and in so doing, he must show not only "that the assessment is incorrect, but . . . must also prove the correct amount of the tax." Chariot Plastics, 28 F. Supp. 2d at 882.

Defendant has not opposed or otherwise responded to the Government's motion for summary judgment, nor has he provided other bases to challenge the validity of the IRS's assessments and calculations. There being no material issue in dispute, Plaintiff's motion for summary judgment is granted. Fed. R. Civ. P. 56(e). The Clerk of the Court shall enter judgment in the amount of $314,032.67, with interest and additions accruing thereon according to law until the judgment is satisfied.

SO ORDERED.

Dated:   July 23, 2007
         New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge

3